UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GERALD LAMAR YORK,

                        Plaintiff,

                v.

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
_____

DECISION AND ORDER

17-CV-6676L

       Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. § 405(g) to review the Commissioner's final determination.

       On April 10, 2014, plaintiff, then forty-three years old, filed an application for Supplemental Security Income benefits under Title II of the Social Security Act, alleging an inability to work since April 10, 2011. (Administrative Transcript, Dkt. #8 at 13).[1] His application was initially denied. Plaintiff requested a hearing, which was held on May 24, 2016 before Administrative Law Judge ("ALJ") John P. Ramos. The ALJ issued a decision on July 26, 2016, concluding that plaintiff was not disabled under the Social Security Act. (Dkt. #7 at 13-22). That decision became the final decision of the Commissioner when the Appeals Council denied review on August 7, 2017. (Dkt. #8 at 1-3). Plaintiff now appeals.

---

[1] Note that the Administrative Transcript portions cited herein are identified using the internal Bates-stamped pagination utilized by the parties.

The plaintiff has moved for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c) requesting remand for the calculation and payment of benefits, or in the alternative, for further administrative proceedings. (Dkt. #11). The Commissioner has cross moved (Dkt. #14) for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c), affirming the Commissioner's decision. For the reasons set forth below, the plaintiff's motion is granted, the Commissioner's cross motion is denied, and the matter is remanded for further proceedings.

**DISCUSSION**

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-known five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520. The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

The ALJ's decision comprehensively summarizes plaintiff's medical records, particularly relative to plaintiff's treatment for degenerative disc disease of the lumbar spine, and asthma, which the ALJ concluded together constituted a severe impairment not meeting or equaling a listed impairment.

Upon consideration of the record, the ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform sedentary work, except that he should avoid exposure to concentrated respiratory irritants such as dust, odors and fumes, should not climb ladders or scaffolds, and may not work or balance at unprotected heights. (Dkt. #8 at 17).

Given this RFC, vocational expert Joseph Atkinson testified that plaintiff could not return to his past relevant work as a barber or construction worker, but would be able to perform the representative sedentary positions of food and beverage order clerk, charge account clerk, and document preparer. (Dkt. #8 at 20-21).

I. The ALJ's Consideration of Listing 1.04

Plaintiff argues that the ALJ erred when he found that plaintiff's spinal impairments did not meet the requirements of Listing 1.04. That listing pertains to spinal disorders with: "[l]umbar spinal stenosis resulting in pseudoclaudication (impingement or inflammation of spinal nerves), established by [imaging], manifested by chronic nonradicular pain and weakness, resulting in inability to ambulate effectively." 20 C.F.R. §404, Subpt. P, App. 1, Listing 1.04(c). The ALJ found that while there was evidence of lumbar stenosis, he concluded that the Listing did not apply because "there is no evidence of nerve root compression or spinal arachnoiditis" (inflammation of spinal nerves), and "the evidence does not show that the claimant is unable to ambulate effectively as defined by the regulations." (Dkt. #8 at 17).

The ALJ is incorrect. The record does include references to plaintiff's diagnosis and treatment for neurological claudication and foraminal stenosis (nerve impingement), with complaints of pain and weakness (Dkt. #8 at 371-72, 427, 434, 450-51, 460), as well as to plaintiff's difficulties with ambulation (variously described as decreased mobility, limping, spasms and tingling in the legs, transient weakness, and loss of balance). (Dkt. #8 at 274, 331-32, 339, 358, 365, 371-72, 379, 415, 417, 422, 424, 427, 445).

While the ALJ, elsewhere in his opinion, cited to some evidence of record wherein plaintiff's gait, balance, strength and/or sensation were assessed as normal (Dkt. #8 at 18), the ALJ

3

made no effort to acknowledge or reconcile the conflicting evidence. "In the absence of an explanation of the conflicting evidence as to Listing 1.04[], this Court cannot reasonably infer that there was "sufficient uncontradicted evidence in the record to provide substantial evidence for the conclusion that [p]laintiff failed to meet" the requirements of the Listing. *McIntosh v. Berryhill*, 2018 U.S. Dist. LEXIS 120183 at *60-*62 (S.D.N.Y. 2018) (remanding for further proceedings where the ALJ failed to sufficiently explain why the Listing requirements were not met).

In short, "this Court has no basis from which to ascertain why the ALJ seemingly chose to rely on certain evidence, weighing against a finding that [p]laintiff has a Listing-level impairment . . . and not to rely on other evidence, weighing in favor of such a finding." *Id*. The ALJ's failure in considering Listing 1.04 to specifically identify and discuss the pertinent evidence of record, or to acknowledge and reconcile conflicting evidence, necessitates remand.

## II.     The ALJ's Evaluation of Medical Opinion Evidence

Plaintiff objects to the ALJ's assessment of the opinion of consulting physician Dr. Harbinder Toor, whose opinion the ALJ gave "partial" weight. Specifically, the ALJ rejected Dr. Toor's opinion relative to plaintiff's "moderate to marked limitations standing, walking, bending, lifting and carrying," and "moderate limitations sitting for [more than 30 minutes at a] time." (Dkt. #8 at 333). Instead, the ALJ found that plaintiff was capable of sedentary work, which requires the ability to lift up to 10 pounds, occasionally walk, stand and carry, and to sit for up to six hours in an eight-hour workday. (Dkt. #8 at 19, 333). *See generally Young v. Commissioner*, 2014 U.S. Dist. LEXIS 92821 at *18 (N.D.N.Y. 2014) (physician's opinion that plaintiff has "moderate" limitations in sitting does not provide substantial evidence for the ALJ's conclusion that plaintiff can sit for six hours in an eight-hour workday); *Petersen v. Astrue*, 2 F. Supp. 3d 223,

4

233 (N.D.N.Y. 2012) (physician's assessment that plaintiff has "marked" limitations in walking, standing, bending, lifting and carrying," and "moderate' limitations in sitting, is inconsistent with an RFC to perform sedentary work).

In so doing, the ALJ cited a lack of support in the record for such limitations, decided (without explanation) that plaintiff's lumbar spinal stenosis would "not be expected" to cause limitations as to sitting, and related that Dr. Toor had found that plaintiff has some limited range of motion in his spine, but "no strength deficits or muscle atrophy in his lower extremities." *Id*. The ALJ also found that plaintiff's asthma and balance problems would cause some environmental and height-related limitations that Dr. Toor had not adequately incorporated into his opinion. (Dkt. #8 at 19).

Dr. Toor's opinion is the only medical opinion evidence of record, and it contained the only attempt by any medical source to objectively assess plaintiff's ability to sit, stand, walk, lift, carry, push, pull, or perform postural activities. Given the ALJ's rejection of much of Dr. Toor's assessment based upon the ALJ's own lay interpretation of raw medical data (e.g., "[plaintiff's] back condition is most prominent at the L2-L3 level, which would not be expected to cause limitations for sitting . . . [r]ather, the undersigned finds that the claimant is able to sit for six hours") and his conclusory re-interpretation of Dr. Toor's objective findings to find that plaintiff can perform the exertional and postural requirements of sedentary work, the ALJ's RFC determination is not supported by substantial evidence. (Dkt. #8 at 19). *See generally Goble v. Colvin*, 2016 U.S. Dist. LEXIS 7467 at *20-*21 (W.D.N.Y. 2016) (collecting cases and emphasizing that "the ALJ is not free to form his own medical opinion based on the raw medical evidence").

5

Indeed, the ALJ's dismissal of Dr. Toor's opinion concerning plaintiff's exertional and postural limitations, on the basis that it was not supported by the record, was erroneous. First, the limitations described by Dr. Toor were not conjectural, but were supported by his own objective findings, including limited lumbar spinal flexion, positive straight leg raising tests (suggesting spinal disc herniation or nerve root impingement), tenderness and swelling of the right ankle, abnormal gait, abnormal heel-to-toe walking, and extremely limited (20%) ability to squat. (Dkt. #8 at 331-33). Dr. Toor's findings were also consistent with plaintiff's treatment records and diagnostic testing, which establish "increasing degenerative abnormalities" and "moderate to severe" spinal stenosis at L2-L3 with foraminal narrowing (Dkt. #8 at 295, 427), and contain multiple references to ongoing right ankle pain and swelling, knee pain, balance problems, and back pain "aggravated by sitting" or "[with] bending, lifting . . . walking or prolonged standing," radiating into plaintiff's waist and lower extremities. (Dkt. #8 at 301, 307, 358, 364, 365, 371, 378, 384, 414, 422, 423, 427, 445). Given that the limitations opined by Dr. Toor were based on the objective results of an in-person physical examination and were generally consistent with plaintiff's longstanding complaints, the ALJ's rejection of them as "unsupported by the record" was erroneous.

In sum, because I find that the ALJ's RFC determination was not supported by substantial evidence, and because this is not a case where the record contains such persuasive proof of disability that remand would serve no purpose, remand for further proceedings is necessary. Because I find that remand is otherwise warranted, I decline to reach the remainder of plaintiff's contentions. *See generally Siracuse v. Colvin*, 2016 U.S. Dist. LEXIS 34561 at *27 (W.D.N.Y. 2016).

**CONCLUSION**

For the forgoing reasons, I find that the ALJ's decision was not supported by substantial evidence. The plaintiff's motion for judgment on the pleadings remanding this matter (Dkt. #11) is granted, the Commissioner's cross motion for judgment on the pleadings (Dkt. #14) is denied, and the matter is remanded for further proceedings. On remand, the ALJ is directed to reassess whether plaintiff is disabled pursuant to Listing 1.04, with a detailed discussion of each of the requirements of the Listing and the pertinent evidence of record. The ALJ is further directed to reconsider the opinion of consulting physician Dr. Toor, and if appropriate, to obtain opinions from plaintiff's treating physicians and/or order additional consultative testing, in order to provide a sufficiently complete record upon which a well-reasoned determination of plaintiff's exertional and postural limitations may be made.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
March 5, 2019.